**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Diana Carolina Currea Pacheco

Plaintiff,

v.                                                              Case No.: 1:26−cv−08804
                                                                  Honorable Edmond E. Chang

Todd Blanche

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, August 3, 2026:

ORDER signed by the Honorable Edmond E. Chang: On review of the parties' filings, the Court grants the petition, R. 1, and issues a conditional writ of habeas corpus through this docket Order. In light of the Seventh Circuit's ruling in Cirrus Rojas v. Olson, – F.4th –, 2026 WL 2198315 (7th Cir. July 30, 2026), the government concedes that "detainees like petitioner Currea Pacheco are eligible for a bond hearing before the immigration court," R. 11 at 1. The government instead argues that Currea Pacheco's petition should be denied because she has not requested a bond hearing and thus has not exhausted her administrative remedies. Id. at 1–2. When Currea Pacheco filed this petition on July 24, 2026, the Seventh Circuit had not issued Cirrus Rojas, so the government subjected her to mandatory detention under its interpretation of the relevant laws. R. 5 at 2. Whether or not immigration judges in this Circuit provide, going forward, bond hearings as the government appears to suggest, the common−law requirement of exhaustion governing petitions filed under 28 U.S.C. 2241 asks whether the petitioner exhausted **before** filing suit. See Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004); see also Verdin v. O'Leary, 972 F.2d 1467, 1483 (7th Cir. 1992) (holding that statutory−exhaustion requirement for § 2254 petitions "is determined at the time" of filing). At the time Currea Pacheco filed her petition, she had no available administrative remedies because requesting a bond hearing would have been futile. See Guartazaca Sumba v. Crowley, 2025 WL 3126512, at *3 n.8 (N.D. Ill. Nov. 9, 2025). So her purported failure to exhaust a remedy that may have become available after she filed her petition does not bar her petition. The Court substitutes Scott Maples as the proper respondent under Civil Rule 25(d), see R. 5 at 1, and directs the Respondent, on or before 08/10/2026, either to afford Currea Pacheco a bond hearing that complies with federal laws and regulations or to release her under reasonable conditions of supervision. The Court also directs the parties to file a status report on or before 08/14/2026, setting forth Currea Pacheco's release status, whether she received a bond hearing, and the result of that bond hearing. The tracking status hearing of 08/14/2026 is reset to 08/21/2026 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.